## CAYFORD'S case.

In an indictment for lewd cohabitation, adultery, or bigamy, the prisoner's confession of the fact of his marriage, if the marriage was in another State or country, is sufficient proof of the fact.

And *it seems* that such evidence might be received if the marriage were in this State. *Sed quære.*

Whether, in the absence of better proof of marriage in this State, evidence of long continued cohabitation, birth of children, and uniform reputation of a lawful marriage, is admissible in criminal cases,—*quære.*

THIS was an indictment for lewd and lascivious cohabitation, tried before *Parris J.* To prove the marriage, the government relied on evidence of the following facts. The prisoner removed from New Hampshire into Maine about twenty years since. Soon afterwards he sent a person after "his wife and family;" who brought to him a woman and two children, whom he received and treated as his wife and children, calling the woman his wife. They continued to live together as man and wife, upwards of ten years; during which time he went to England, where he said they were married, to obtain the property inherited there by his wife, which, on his return, he said he had obtained to a large amount.

The counsel for the prisoner contended that this evidence was insufficient to prove the marriage; but the Judge ruled it sufficient; and the prisoner being convicted, the point was reserved for the consideration of the Court.

*Emmons* and *Boutelle*, for the prisoner, cited *Commonwealth v. Littlejohn*, 15 *Mass.* 163; 2 *Stark. Ev.* 437—8, 937—8 and *notes*; *Morris v. Miller*, 4 *Burr.* 2057; *Bull. N. P.* 27; *The People v. Humphrey*, 7 *Johns.* 314.

The *Attorney General*, *e contra*, cited *Commonwealth v. Drake*, 15 *Mass.* 161; *Commonwealth v. Calef*, 10 *Mass.* 153; *Mary Norwood's case* 1 *East's P. C.* 337.

The opinion of the Court was delivered in *Cumberland*, at the adjournment of *May* term in *August* following, by

MELLEN C. J.    The question is whether the evidence of the defendant's confessions as to his having been married in England, accompanied by proof of his having lived ten years with the person whom he called his wife, and with children whom he treated as his own ; and his declarations that he had, during their cohabitation, been to England, where he received property to a large amount, which she inherited ; was competent evidence to be submitted to the jury for the purpose of proving the marriage.

Nothing is more clear than that proof of the voluntary confession of a man on trial for adultery or lascivious cohabitation, that he is guilty of the crime charged, is legal evidence ; and, in the absence of controling evidence, is abundantly sufficient ; and the reason why his confession that he was a married man at the time of committing the offence charged, should not be good also, is not very apparent. In several books, however, there seems to have been some distinction, though not a very clear one. Neither do we perceive why, in the case of a libel for divorce, the marriage of the libellant and libellee may be proved by a regular certificate ; and yet a second marriage of the libellee with the person with whom the alleged crime of adultery was committed, must be proved by the oath of some person present when the marriage was solemnized ; as was required in the case of *Ellis v. Ellis*, 11 *Mass.* 92.    It was intimated, if not stated by Lord *Mansfield* in *Morris v. Miller*, 4 *Burr.* 2057, that in case of bigamy, as well as an action for criminal conversation, it is essential to prove a marriage in fact, as distinguished from the acknowledgment of the parties.    The cases, however, are not alike.    In the civil action, the plaintiff demands damages, which he has no right to recover, unless there has been a legal marriage between him and the woman with whom the defendant is charged to have committed the adultery ; and in such a case the confession of the defendant, who may be a total stranger to the marriage, will amount only to an acknowledgment of a marriage by reputation.    In that light the court viewed the confession of *Miller* as to the alleged marriage between

Mr. and Mrs. *Morris.* But in a prosecution against a man for bigamy, adultery or lascivious cohabitation, the confession of the defendant is of a different character. It is a confession from one who must certainly know whether the fact confessed is true or false. Justice *Buller,* speaking of the case of *Morris v. Miller,* says the evidence of the defendant's confession, was not sufficient; " for it was only a confession of the reputation that she went by the name of the plaintiff's wife; and not a confession of the marriage." *Bull. N. P.* 28. 2 *Phil. Ev.* 152. This case, instead of proving that a full and voluntary confession of the marriage, was not sufficient to prove it, seems clearly to justify a different conclusion; and such a conclusion *Phillips* has drawn. In *Trueman's* case, *East's P. C.* 471, the cohabitation of the prisoner with *Mary Russell* was proved; and it was also proved that he had admitted that he had married her in *Scotland.* The prisoner was convicted; and all the judges, except three, who were absent, held the conviction to be proper. There were some circumstances in the case, corroborating the confession, but not stronger than those in the case before us. *Trueman* was indicted for polygamy. Mr. *Starkie,* in his learned treatise on evidence, *Vol.* 3, *page* 1186, observes in reference to the above case,— " It is not easy to say on what principle a direct and deliberate admission of the prisoner, of his marriage, should not be evidence against him of the fact in this case as well as in any other." In *Norwood's* case, *East's P. C.* 470, confession and cohabitation were admitted as evidence to prove the relation of husband and wife in a case of petit treason. So also in a case of bigamy, the prisoner was convicted upon proof of his admission, deliberately made, of both marriages, in the presence of his first wife, before a magistrate. 3 *Stark. Ev.* 1186 in a *note.* So in *Farray v. Hallacher,* 8 *Serg. & Rawle,* 159, it was decided in a case of *crim. con.* that the declaration of the defendant that he knew the woman was married to the plaintiff, and that with this knowledge he seduced her, might be given in evidence in proof of the marriage. To this point see also, *Rigg v. Curgenven,* 2 *Wils.* 395. In the present case, the proof of the defendant's confession was on oath, and he had the benefit of cross examination. He certainly knew whether he had been mar-

ried ; and as he stated that he was married in England, we ought to presume that he was legally married, in the absence of all proof of an opposing character ; especially after a cohabitation of ten or more years, and the birth of several children. And if any thing more is necessary to shew the legality of the marriage, there is proof of his having received property inherited by her, which he could not have obtained unless he had been lawfully married to her.    Cases of foreign marriages stand on different ground from domestic.    The latter may generally be proved with ease by record evidence, or by the oath of some person or persons who were present at the solemnization ; they being within the reach of the court's process ; not so in case of marriages in a foreign country, or even in another State in the Union.    We do not mean to say that the deliberate and unequivocal confession of a man charged with adultery, that he was then a married man, though married in this State, and without any corroborating circumstances, would not be sufficient for a conviction. The present case does not require us to decide that point ; nor how far long continued cohabitation, with the birth of children and a uniform reputation of a lawful marriage, might be considered, as competent or sufficient, where other evidence could not be obtained. In such cases public policy might justify and require a relaxation of the general principle, in order to prevent the open violation of our laws with impunity.    By the law of the land, if a man is indicted for counterfeiting a bill of a bank of this State, or knowingly passing such a bill as true, the president or cashier of such bank must be called as a witness to deny his signature, and prove the bill a forgery ; but if the bill forged or passed, purports to have been issued by a bank in any other State, the court dispense with the testimony of the president and cashier, because the process of our courts cannot compel their attendance ; and accordingly proof of a secondary character is constantly received ; namely, the testimony of any person or persons acquainted with the genuine bills and signatures.    In cases where it may be necessary, there may be the same reason for admitting evidence of marriage less clear and direct than that on which the conviction of the defendant was founded.    This conviction, we are all of opinion was correct, upon the evidence in the case.

In the trial of libels for divorce, the court do not pass a decree upon the mere confession of the party charged with the adultery. To prevent collusive arrangements between husband and wife to obtain a divorce, and the success of such arrangements, it is necessary that such proof should be disregarded. A default in such case is in some degree in the nature of a confession, but the libellant must still prove the allegations in the libel.

*Motion for a new trial overruled.*