EDWARD D. CARTER *vs.* EZRA TOWNE & another.

A boy bought some gunpowder, and, in the absence of his parents, put it in a cupboard in his father's house with' the knowledge of his aunt, who had charge of him and of the house while his parents were away; a week afterwards his mother gave him some of the powder and he fired it off with her knowledge; and some days later he took, with her knowledge, more of the powder out of the cupboard, fired it off and was injured by the explosion. *Held,* that the injury was not the direct or proximate, natural or probable, result of the sale of the powder, and the seller was therefore not liable to the child for the injury.

TORT for carelessly and unlawfully selling to the plaintiff, a child eight years old, two pounds of gunpowder, which the plaintiff fired off and was thereby injured. After this court had overruled the demurrer to the declaration, as reported 98 Mass. 567, the defendants filed an answer, denying each and every allegation in the declaration, and alleging that, if the sale was made to the plaintiff, it was made with the. knowledge and assent of the plaintiff's father.

At the trial in the superior court, before *Putnam,* J., the plaintiff testified that he became nine years old in March 1867, and that on June 27, 1867, he went alone to the shop of the defendants and purchased of them a pistol, a box of percussion caps, and two pounds of gunpowder in four packages containing one half pound each; that he carried these articles home, and with the knowledge of his aunt, who was in charge of the house and of himself in the absence from town of his father and mother, placed them in a cupboard in the sitting room; that the powder remained in the cupboard until July 4 following, when his mother took the pistol and a portion of the powder from the cupboard and gave them to him, and with her knowledge he fired about a pound of the powder from the pistol, until he broke the hammer of the pistol lock; that on July 9, he, with the knowledge of his mother, took from the cupboard a flask, containing a quarter of a pound of the powder, carried it into the yard adjoining the house, strewed part of the powder on the ground, left the flask containing the rest of it near the trail he had made, and fired the powder; that the flask exploded and he was burned thereby; that he bought this pow-

o

der and pistol to use on July 4; and that his father was at home at night, but absent through the day, and knew nothing about this powder; and there was no evidence that the father did know anything about it. The plaintiff's mother denied any knowledge of his use of the powder on July 9.

The defendants offered no evidence, but requested the judge to instruct the jury " that there was no legal and sufficient evidence to authorize the jury to find a verdict for the plaintiff; and that the act of selling the gunpowder was not the immediate and proximate cause of the injury." The judge declined so to instruct the jury, and instructed them that " if the mother knew of the use of the powder by the plaintiff at the time of the accident, the defendants would not be responsible; but that the fact that she knew of his use of it on the preceding 4th of July would not necessarily prevent the plaintiff from recovering, unless the jury found that the fact that she knew of his use of it on the 4th of July ought to have led her to believe that the plaintiff might have obtained possession of it and used it without her knowledge, on the occasion of the accident, and if so, then it was her duty to have put it where he could not possibly have got hold of it, and the defendants would not be liable." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. A. Somerby*, for the defendants.

*N. St. J. Green*, for the plaintiff, to the point that the immediate and proximate cause of the injury was the sale of the gunpowder, cited *McDonald* v. *Snelling*, 14 Allen, 290; *Underhill* v. *Manchester*, 45 N. H. 214; *Holden* v. *Rutland & Burlington Railroad Co.* 30 Verm. 297; *McGrew* v. *Stone*, 53 Penn. State, 436; *Marble* v. *Worcester*, 4 Gray, 395.

GRAY, J. The testimony introduced for the plaintiff at the trial discloses quite a different case from that alleged in the declaration, which was held sufficient when the case was before us on the demurrer; and shows that the gunpowder sold by the defendants to the plaintiff had been in the legal custody and control of the plaintiff's parents, or, in their absence, of his aunt, for more than a week before the use of the gunpowder by which he

was injured. Under these circumstances, that injury was not the direct or proximate, the natural or probable, consequence of the defendants' act; and the jury should have been instructed, in accordance with the defendants' request, that there was no legal and sufficient evidence to authorize them to return a verdict for the plaintiff. As this strikes at the root of the action, it is unnecessary to consider the other questions argued by counsel.                                    *Exceptions sustained.*