STATE OF MISSOURI, EX REL. ABBEY KEARNEY ET AL., Appellant, v. JOHN FINN ET AL., Respondents.

February 7, 1882.

1. In an action for back taxes the sheriff's return to the summons was "not found," though the defendants were residents of his bailiwick. The law provides that in such case, "the court, being first satisfied that process cannot be served," shall make an order of publication. Upon the return of the writ, publication was made. The defendants, having no actual

notice, made default, and judgment was rendered against them and their land sold. *Held,* that the sheriff was liable for nominal damages for the false return; but that, the act of the court intervening, his negligence was not the proximate cause of the injury, and hence he was not liable for actual damages.

2. The intervention between a prior wrong-doer and a subsequent damage, of the act of another which contributes to the injury, relieves the prior wrong-doer, though the act of the intervenor be a judicial one.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed;*

J. D. JOHNSON, for the appellant: A sheriff is liable for damages resulting from the making of a false return of process, similar to the one involved in this case. — *Bolles* v. *Bowen,* 45 N. H. 125 ; *Davis* v. *Richmond,* 35 Vt. 419 ; *Waterhouse* v. *Gibson,* 4 Me. 234 ; *Tomlinson* v. *Long,* 8 Jones L. 469 ; *Wright* v. *Keith,* 24 Me. 164 ; *Albright* v. *Tapscott,* 8 Jones L. 473. Without the return of " not found," the court could not have made the order for giving notice by publication, and all the proceedings in the case, from the making of the order to the sale of the property, followed as a direct and immediate consequence of the false return. — *Brayser* v. *McLean,* L. R. 6 Priv. Co. App. 398.

E. T. FARISH, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is an action against a sheriff and his sureties, for damages for a false return. The relatrix, Mrs. Kearney, was the owner of a house and lot in St. Louis on which the taxes for the year 1875, amounting to the sum of $18.21, were due and in arrears. On May 29, 1878, the tax collector instituted a suit under what is known as the back-tax law, to enforce the lien of the state for these taxes. A summons was issued in accordance with the requirements of the statute, against Mrs. Kearney and her husband, was placed in the hands of the defendant, as sheriff, which, on

October 7, 1878, was returned by him as follows: " The within-named defendants cannot be found in the city of St. Louis." This return was technically a false return. Mrs. Kearney and her husband were, at the time, householders in the city of St. Louis. On the application of the attorney of the tax collector, an order of publication was awarded by the court; publication was made as required by the statute; the owners of the property not appearing, the case proceeded to judgment, which was rendered by default, for the sum of $23.27, and the costs of the suit. A special execution was issued, and, under it, the property was sold to J. D. Lawnin for $380; a sheriff's deed was executed to him therefor; and he afterwards recovered the property from these relators in an action of ejectment. Until service of summons in this action of ejectment, neither of these relators knew that this property was delinquent for taxes, or that any proceeding had been instituted or prosecuted against it for the foreclosure of the state's lien. According to the case made by them on this record, they were thus deprived of a property of the alleged value of $4,000, in consequence of failing, through ignorance and inadvertence, to pay the taxes which had been assessed against it for a particular year, amounting to the small sum of $18.21. They now seek to recover from the sheriff and his sureties, the damage which they have thus sustained, upon the theory that the sheriff, by wrongfully returning the original writ of summons, " not found," put in motion against their property, the machinery of the law, so that, in the regular course of judicial procedure, they were deprived of their property without their knowledge and without their fault.

My first impressions of this case were that, it was very clear that these relators had no cause of action for more than nominal damages. After examining a number of adjudications bearing upon the questions here involved, I confess I do not feel so clear: I think this is a case where well-informed judges might possibly differ in opinion; but

my best impressions are that this judgment ought to be affirmed ; and I will proceed to state the reasons which have brought me to this conclusion.

It has been found necessary, in order to prevent confusion and uncertainty in the administration of justice, to establish and adhere to the rule that the return of a sheriff, or other officer whose duty it is to execute the process of a court, imports absolute verity and cannot be averred against or traversed, except in an action against him for a false return. As the law has denied to a person aggrieved or damnified by a false return of a sheriff, every other remedy except an action against the sheriff and his sureties, it has been correspondingly liberal towards persons thus aggrieved, and strict towards the sheriff, in all matters pertaining to this action. The plaintiff makes out a *prima facie* case by showing that the return was false or erroneous, and the burden is cast upon the sheriff of justifying the facts returned, or of excusing his negligence in the premises. So strict is the rule, that, where it appears that the return is technically false, nominal damages go against the sheriff, although it appears that he was guilty of no negligence or actual wrong in the premises. 2 Sedgw. on Dam. (7th ed.) *511, 512, and note *b.*

Necessarily, all actions of this kind are predicated upon non-feasance or misfeasance by the sheriff, or those for whom he is responsible. A cursory examination of the numerous cases on this subject will show that nearly all of them are grounded on the principle of non-feasance. They are brought by *plaintiffs* in actions who have lost their debt or damages by reason of the failure of the sheriff, or his deputies, properly to execute process placed in his hands at the instance of the plaintiff, or to pay over to the plaintiff moneys collected for him. These actions are grounded upon the idea that the sheriff, when he accepts his office, engages with the state to perform, for the benefit of individuals, certain acts, when called upon by,

or on behalf of them so to do ; and, that for a failure to do any such acts, he becomes liable in damages to the person who has called upon him to do them ; on the general principle that where one person voluntarily assumes, whether for a reward or gratuitously, a duty toward another, he makes himself liable to that other for any injury which may accrue to that other from his negligence in performing, or in failing to perform it.

He is also liable for *misfeasance* done under color of his office, on the same principle as though he were a private person. ‘The great body of decisions under this head are those in which he has rendered himself liable as a trespasser by executing void process, by executing process on the wrong party, or on the goods of the wrong party, or otherwise by executing process in an unlawful or oppressive manner.

To this class of cases belong those in which the sheriff, by making a false return, has put in operation the ordinary machinery of a court of justice against a person who was not amenable to it, whereby damages have accrued to such person without any fault on his part. Thus, if a sheriff falsely return that he has served upon a person notice of a suit to foreclose a mortgage upon the land of such person, so that, in the ordinary course of the court, the mortgage is foreclosed, and his equity of redemption barred, he having no knowledge of the proceeding, the sheriff will be liable to him in damages. *Davis* v. *Richmond*, 35 Vt. 419. Or, if the sheriff falsely return that a person arrested by him under a *capias* has been rescued by a third person, whereby such third person, precluded from denying the return, is punished for contempt of court, he may recover damages of the sheriff. *Brayser* v. *McLean*, L. R. 6 Priv. Co. App. 398.

While, as before stated, the sheriff will be liable for nominal damages where the return is technically false, although he may have exonerated himself from actual fault, and

while, where he is proceeded against for negligence in the performance of his duties, he is held to a very strict measure of diligence, akin to that of a common carrier of goods (2 Thomp. on Neg. 825); on the other hand, where he has rendered himself liable to another by reason of something done or omitted in the execution of lawful and valid process, his liability is generally limited to the *actual* damages which have been inflicted upon the person aggrieved. 2 Sedgw. on Dam. (7th ed.) *505–508, and note *a* to page 508. In determining what these damages are, the conduct of the person complaining comes into consideration. The person injured by the wrongful act of the sheriff is under the same obligation to do what he reasonably may to mitigate the accruing damages, or to prevent their exaggeration, which the law puts upon injured persons in other like situations. See, as to this general rule, *Bardwell* v. *Jamaica*, 15 Vt. 438; *Jenks* v. *Wilbraham*, 11 Gray, 143; *Loker* v. *Damon*, 17 Pick. 284; *Berry* v. *Carle*, 3 Me. 269. "If the party injured has it in his power to take measures by which his loss will be less aggravated, this will be expected of him." The same rule is sometimes invoked in determining the *quantum* of damages in actions for breaches of contracts (*Miller* v. *Mariner's Church*, 7 Me. 57); and it has been held to apply with increased force in actions for damages flowing from injuries which were the result of inadvertence merely. *Wright* v. *Keith*, 24 Me. 158, 165. This is really a branch of the general doctrine of contributory negligence. For actionable negligence, in a broad sense, is a failure of duty; and this is nothing more than a failure of social duty by a person who has been injured by another, toward that other, by which he endeavors to make that other answerable for enhanced damages which were not the natural and necessary consequences of his wrong, but which flowed from the wrong of the person complaining.

Let us apply this principle to the present case. Let us balance the negligence of the plaintiff and defendant, and

see which has contributed chiefly to producing the damages of which the plaintiff complains. Although the question of negligence does not arise upon this record, as a question for our determination, this will serve at least to show that this is not a hard case for these relators, but that to permit them to recover in this action would be indeed a hard case for the defendant. The defendant was negligent in not discovering the whereabouts of a person who was a householder somewhere in a city of three hundred and fifty thousand inhabitants, for which service, if performed, he would have received the fee of one dollar and twenty-five cents. These relators, however, were negligent in not knowing that a bill for taxes assessed against a piece of property owned by one of them in the city in which they resided, had been in arrear for three years, which fact they must have known had they exercised ordinary business diligence.

We proceed, however, to the examination of questions of law which arise on this record. The sheriff has made a return which was false. This is established by a judgment against him for nominal damages, of which he does not complain. Mrs. Kearney has lost her land in consequence of a proceeding which resulted in a judgment, execution, and sale of it, one of the earliest steps in which was the placing of a writ of summons against her and her husband in the hands of the sheriff, and his returning thereon, "the within-named defendants cannot be found in the city of St. Louis." But did this make the sheriff answerable personally for the damages which finally happened to her? We think it did not. In discussing this question, we shall leave out of view the fact that it is not shown that the person complaining had any just defence to the suit which was thus put on foot against her by publication.

We think this question turns on a well-understood principle in the law of damages. A person who has done a wrong is responsible only for those damages which have flowed, as a natural and direct consequence, from the wrongful act

which he has done. He has indeed put in motion a chain of causes and effects, which will continue indefinitely; but the law holds him answerable only for the immediate or proximate results of the act which he has done. In many cases it is a matter of great difficulty and nicety, to determine whether a hurt which one has received, is to be deemed a proximate or remote consequence of a wrongful act which another has done; in which case, the solution of the question is generally left to the determination of the jury. At the same time, the subject yields to certain definite rules; and within the limits of these, there is less difficulty. One of these rules, of frequent recognition in the Roman Law, has been pointed out and illustrated by a very learned and philosophical writer of our own day. Whart. on Neg., sect. 134 *et seq.* It is this: that an independent responsible human agency interrupts causal connection between a prior wrong and a subsequent damage, so that the damage becomes remote, and does not afford ground for an action against the author of the prior wrong Though this principle is not found formulated in terms in the books of reports, as it has been laid down by Dr. Wharton, yet these books will show that it is constantly recognized and acted upon by the courts as a practical rule of law. Illustrations of it will be found in *Carter* v. *Towne*, 103 Mass. 507; *Davidson* v. *Nichols*, 11 Allen, 514; *Parker* v. *Cohoes*, 10 Hun, 531; *Proctor* v. *Jennings*, 6 Nev. 83; *Tutein* v. *Hurley*, 98 Mass. 211. A recognized qualification of the rule is, that it does not apply where the act done by an intervening third person is of such a nature that the person doing the original wrongful act ought to have foreseen and guarded against the act of such intervening third person. Illustrations of this will be found in *Griggs* v. *Fleckenstein*, 14 Minn. 81; *Pastene* v. *Adams*, 49 Cal. 87; *Harrison* v. *Collins*, 86 Pa. St. 153; *Powell* v. *Devaney*, 3 Cush. 300; *Lane* v. *Atlantic Works*, 107 Mass. 104; *Clark* v. *Chambers*, 3 Q. B. Div. 327. Let us apply this rule to

the facts of this case.    The "Back-Tax Law," under which the land of the plaintiffs was proceeded against and sold, provides that "all notices and process in suits under this chapter shall be sued out and served in the same manner as in civil actions in circuit courts ; and in case of suits against non-resident unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceeding shall be the same as now provided by law in civil actions affecting real or personal property."    Rev. Stats., sect. 6837.    The chapter of the Revised Statutes which relates to "Practice in Civil Cases," provides, in section 3489, the manner in which writs of summons shall be executed upon persons and foreign corporations.    It then provides for notice by publication to non-resident or absent defendants in certain proceedings, among them, proceedings for the enforcement of liens upon land.    Rev. Stats., sect. 3494. It then contains the following provision : " When, in any of the cases contained in section 3494, summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants cannot be found, the court, being first satisfied that process cannot be served, shall make an order as is required in said section."    Rev. Stats., sect. 3496.    The language of this section is to be carefully noted.    The court is not necessarily to make the order of publication upon the evidence of the sheriff's return, but it must be first " satisfied that process cannot be served."    This undoubtedly contemplates and requires an independent judicial inquiry on the part of the court and a judicial ascertainment of the fact that the defendant is beyond the reach of process, before the order of publication is to be made.    If the judge accepts the return of the sheriff as conclusive evidence that the defendant is beyond the process of the court, he is derelict in discharging the duty which this statute puts upon him, as the result of this case proves.

It then seems clear to us that the judicial inquiry which

the court is, by this statute, required to make, is in an eminent degree the act of an intervening responsible agency, whose negligence in the premises the sheriff was not obliged to foresee and anticipate in the sense which makes him answerable for the subsequent injury to the plaintiff. It is true that the judge is not responsible in the sense that he is answerable for damages to the plaintiff; for a judge is not ordinarily answerable in damages for the consequences of a judicial act. But here is the intervening act of an agent possessing plenary power. He is not precluded by the sheriff's return, nor bound to accept it as evidence, but is to be *satisfied* that it is true, before he acts. It is not necessary that he shall be a responsible agent in the sense of actionable responsibility. The intervening act of God will so interrupt causation as to remove the damages which succeed a wrongful act from the category of actionable damages, unless, as in the case where the act is that of a human agent, it was an act which the original wrong-doer was bound to foresee and anticipate. *Salisbury* v. *Herschenroder*, 106 Mass. 458.

This principle narrows the whole question in this case down to this: Whether the sheriff, when he returned the writ of summons "not found," was bound to foresee that the judge would, notwithstanding the statute, accept his return as conclusive evidence of the fact that the defendants were, in fact, beyond the reach of the ordinary process of the court, and so grant the order of publication. We do not know of any principle on which the sheriff was bound to presume that the judge would do this. And herein lies the distinction between this case and the case of *Brayser* v. *McLean* (L. R. 6 Priv. Co. App. 398), which has been pressed upon our attention by the learned counsel for the plaintiff in this action. In that case the sheriff returned that a third party had been guilty of a rescue of a prisoner which the sheriff had arrested under a writ *capais ad satisfaciendum;* and thereupon such third person was brought

before the court for contempt in interfering with its process. The rule of the common law was applied; the sheriff's return was held to import absolute verity, and the respondent was not allowed to traverse it, but was obliged to suffer imprisonment for contempt, though, in point of fact, he was not guilty. He brought his action against the sheriff for a false return, and it was held that the action lay. It was true that a judicial sentence had intervened between the wrong done by the sheriff, and the damage which the plaintiff had suffered; but this sentence followed as a necessary consequence from the act of the sheriff, unless the court had chosen, out of mere grace, to atone the offence of one who stood before it as a contemnor of its dignity and authority. But here, by reason of the statute already quoted, the sheriff's return is not conclusive upon the court; but the court must "first be satisfied" that the defendant is, in point of fact, beyond its process, before it can make the order of publication. It is true that the sheriff's return gives the court jurisdiction to act; but it does not afford the sole evidence upon which it must act, if it act at all.

If we are right in this view, it follows that there could be no recovery of more than nominal damages on the facts of this case, none of which are disputed. It equally follows that there was no error in the rulings of the court complained of, which need not be considered in detail.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.