WILLIAM KERRIGAN, APPELLANT, *v.* CHARLES HART, RESPONDENT.

*Duty of a master to provide safe machinery for the use of his servant — he is not liable unless the defect in it is the primary cause of the injury.*

The plaintiff was employed by the defendant as a laborer to shovel dirt into carts, which were backed up near to an embankment, the plaintiff being stationed between the tail of the cart and the bank which was being removed. While

a cart was being filled the horse threw his head around to his side and a rein or some part of the bridle caught upon the hook attached to the saddle, which cramped his head to one side and caused him to back, by which act the cart was run against the plaintiff, squeezing him between the cart and the embankment. In this action brought to recover damages for the injuries so sustained, it was claimed that the hook was improperly constructed and placed and by reason thereof the injury was caused.

*Held,* that the defect in the hook was not the primary cause of the injury and that the plaintiff was properly nonsuited.

APPEAL from a judgment in favor of the defendant, entered in Kings county upon an order dismissing the complaint, made at the close of the plaintiff's case.

*C. J. Patterson,* for the appellant.

*Johnson & Lamb,* for the respondent.

PRATT, J. :

The plaintiff was employed by the defendant as a laborer to shovel dirt into carts which were backed up near to an embankment, the plaintiff being stationed between the tail of the cart and the bank which was being removed.

It seems that while a cart was being filled the horse threw his head around to his side and a rein or some part of the bridle caught upon the hook attached to the saddle, which cramped his head to one side and caused him to back by which the cart was run against the plaintiff and squeezed him between the cart and the embankment. The claim of the plaintiff is, that the hook was improperly constructed and placed and that by reason thereof he was injured and that defendant was liable therefor.

It is to be observed that the structure of the hook was not the primary cause of the injury. The accident happened because the horse backed and at the same time the plaintiff was directly behind the cart, and immediately behind him was a solid perpendicular bank preventing his escape.

Assuming the hook was not properly made it is clear that the defect was not the proximate cause of the injury. Observing the hook no man could reasonably have inferred that such an accident would happen. It could not be said and a jury would not be permitted to say, after an accident has happened, that leaving a hook in

that way would be liable to produce such an injury. A person cannot be charged with negligence for an act against which human foresight could not guard. The basis of all actions for negligence is for the omission of some duty which would be likely to produce the injury. No human foresight could anticipate that a horse would throw his head around so far as to catch his bridle upon this hook and back straight back and squeeze a man against a bank. That such a thing is possible is proved by the happening of the accident in this case, but that such a thing was probable or likely to occur is absurd.

The principle of law applicable is that which holds that a man is responsible only for the probable and natural consequences of even a negligent act. (*Scott* v. *Sheperd*, 2 Smith Leading Cases, 800; *Carter* v. *Towne*, 103 Mass., 507.) But there was no sufficient proof to show that the hook was not entirely safe and proper for the use intended to be made thereof. An employer does not undertake absolutely with his employees for sufficiency or safety of the implements and facilities furnished for their work, but only for the exercise of reasonable care in that respect. (*Fuller* v. *Jewett*, 80 N. Y., 46; 36 Am. R., 575.)

In this case the defendant did not make the hook and there is no proof that he had any notice of any defect, nor is there any proof that he omitted the exercise of proper care to discover any defect.

We are of opinion that the proof upon the trial utterly failed at every point to make out a case proper to be submitted to a jury. After an accident has happened a jury will not be permitted to speculate upon the question of defendant's negligence unless there is some proof in the case from which such negligence may be inferred. In this case there is no proof of a failure to exercise reasonable care upon the part of the defendant.

We have examined the exceptions taken on the trial and find no error sufficient to warrant a granting of a new trial.

The judgment should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.