## CHRIST NOLAN V. THE STATE.

### No. 693.   Decided June 22, 1910.

**Incest—Insufficiency of the Evidence—Extra-Judicial Confession—Corpus Delicti.**

Where, upon trial of incest, there was no testimony supporting the conviction except the extra-judicial confession of the accused, the same was insufficient to support the conviction.   Following Dunn v. State, 34 Texas Crim. Rep., 257, and other cases.

, Appeal from the District Court of Live Oak. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of incest; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with and convicted of incest with his daughter, his punishment being assessed at confinement in the penitentiary for two years.

The State proved the marriage between appellant and his wife, who at the time of the trial was deceased. The State also proved that Maggie Nolan, with whom he is alleged to have committed incest, was his daughter by that marriage. Goodwin, for the State, testified that he knew appellant, and had known him for more than thirty years; that he was well acquainted with appellant's wife during her lifetime; that he knew appellant many years in San Patricio County, when he, witness, was a boy; that when the witness was a little fellow appellant was the best friend he ever had, and did more for him and accommodated him more than any friend he ever had; that appellant moved to Live Oak County two or three years before the trial close to where the witness was residing, and since his residence in Live Oak County they had been very intimate friends until this matter came up; that they frequently visited each other and "we were as close friends as you could find;" that during the early part of last summer this witness says he rode over to appellant's house and went in and appellant seemed to be troubled about something and they took a stroll; that when they got out of the yard appellant asked him if he had heard of his trouble; that witness answered in the negative; that appellant then said to the witness: "Maggie has a baby," and witness asked him, "Who is the daddy of the baby?" thinking somebody had ruined his family; that appellant said, "I can't tell you now, but will tell you the next time I see you;" that the next time he saw appellant he informed him that he, appellant, was the father of . Maggie's child; that he saw him within the next few days two or three times and appellant told him he was the daddy of the child and he would marry her, and "she could either be a lady or rip, as she pleased," and further said Maggie was not his child and "he had not mixed any blood." The witness said he loaned appellant a dollar and a half to purchase a marriage license, but told him to consult a lawyer first, and see whether or not that could be legally done, as he had enough trouble on his hands then. A predicate was laid to impeach this witness, to show contradictory statements and a denial

of the above matters. This is the State's case. The witness Jones and Christ. Nolan, Jr., were put upon the stand to contradict the witness Goodwin, and they testified that they had had a conversation with Goodwin with reference to this matter after Goodwin had appellant arrested; that in these conversations Goodwin stated that appellant had never told him that he was the father of his daughter's child, and Christ. Nolan, Jr., who lived in San Patricio County, having heard of the trouble in his father's family, came to Live Oak County to ascertain the situation. He says that he had known the witness Goodwin for many years, and that after he came to Live Oak County he saw Goodwin and talked with him; that he, witness, was trying to find out who was the father of his sister's child, and had a conversation with Goodwin in the presence of George Ware about the matter, and that Goodwin denied to them that the defendant had ever stated to him that he was the father of his sister's child, and further, that he did not know who was. Maggie Nolan testified that she was a mother, having given birth to a little girl about a year before that time, and that the father of her child was Clem Jones, the son of J. J. Jones (the witness who impeached Goodwin), and she further stated that her father had never had sexual or carnal intercourse with her in his life, and had never offered to do so; that she did not then know where Clem Jones was; that he left that country before her baby was born and she had never seen him since; that she had never told anybody who was the father of her child, not even her father. This is about the substance of the case, except appellant proved a high character for himself.

1. Among other things it is contended that the evidence is not sufficient to support the conviction. We are of opinion this contention is correct. The corpus delicti, or the crime itself, can not be proved by the extrajudicial confession of the accused. This is the well settled rule not only in Texas, but, it seems, generally throughout the Federal Union. A confession not corroborated by independent evidence of the corpus delicti is not sufficient to support a conviction. Cox v. State, 69 S. W., 145; Dunn v. State, 34 Texas Crim. Rep., 257; Brady v. State, 32 Texas Crim. Rep., 264; and Hill v. State, 11 Texas Crim. App., 132. These cases establish that rule in Texas. There are quite a number of cases cited in footnote 30 of Cyclopaedia of Law and Procedure, 12 vol., p. 483. These authorities are collated from Alabama, California, Georgia, Illinois, Michigan, Mississippi, Missouri, Nebraska, New York, North Carolina, Pennsylvania, Virginia, and there are some Federal cases. In support of this rule there are three more recent cases decided by this court. White v. State, 40 Texas Crim. Rep., 366; Sullivan v. State, 40 Texas Crim. Rep., 633, and Dunlap v. State, 50 Texas Crim. Rep., 504. If Goodwin's testimony is eliminated we have no fact in the case tending to connect appellant with his daughter's shame. That she gave birth to a child is not evidence of incestuous

intercourse with her father in and of itself.   The girl testified in a most emphatic manner that her father had never had intercourse with her and had never sought to have intercourse with her.   She states the name of the author of her shame to be another man, Clem Jones, who, after she became pregnant, fled the country.   Under this state of case the State is relegated simply to the purported confession testified to by Goodwin.   Under the authorities this is not sufficient.   Besides, Goodwin is placed in the attitude of being impeached by other witnesses to the effect that appellant made no admission or confession to him with regard to the matter.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, absent.