## George Kenneth Young, Appellee, v. James L. Williams et al. James L. Williams, Appellant.

### Gen. No. 16,013.

NEGLIGENCE—*what essential to recover.* In order to recover for negligence not only must there be alleged and proved a duty, but also a breach of that duty and an injury resulting from such breach.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed. Opinion filed January 16, 1912. Rehearing denied January 30, 1912. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** This action on the case was brought by the plaintiff, George Kenneth Young, by his next friend, against appellant, James L. Williams, and one Homer G. Howard, to recover damages for personal injury. On the trial the jury's verdict found both defendants guilty, and assessed plaintiff's damages at $3,000. The court set aside the verdict as to the defendant Howard, and granted him a new trial. The plaintiff then dismissed the suit as to Howard; and the court rendered judgment against defendant, James L. Williams, who appeals.

James L. Williams was the owner of an apartment building at No. 4815 Prairie avenue, in the city of Chicago. Homer G. Howard was his renting agent. The building was heated with steam. Some time during January, 1905, it was necessary to replace two of the radiators in the third apartment, or flat, of this build-

ing, because they leaked. The floor under the radiators had become weak, and this also required some repairs. The apartment was occupied by plaintiff's mother and other members of the family. The building fronted west, and at the back of it there was a large private porch about seven feet in width and of the length of the width of the building. The porch was enclosed on the north and east by a rail, and on the south by a substantial partition extending from the floor to the ceiling. There was a door leading into the porch from the back stairs. The porch was screened in and was used as a place for the children of the family to play during the day, and also for others to sit on summer evenings. It was used exclusively by the tenants (the plaintiff's mother and her family) of the third apartment, of which it was a part. It was cleaned and taken care of by them. The plumber who did the work took out the two radiators and placed them in this back porch. One of them was placed against or near the railing about in front of the kitchen door and about the middle of the porch, and the other was placed in the northeast corner of the porch. The radiators remained in these positions several weeks prior to the accident here involved.

On Sunday, March 26, 1905, about nine o'clock in the morning, the plaintiff went out on the porch above described, and after four or five minutes some of the other members of the family heard something fall and then the screams of the boy. They hurried out and found the boy lying on the floor of the porch and on him the radiator that had stood in front of the kitchen door. Upon examination by a physician, it was found that one of the plaintiff's legs was broken; he was taken to a hospital, and a further examination revealed the fact that both bones of the leg were fractured below the knee, and one of them, the tibia, was protruding. He was in the hospital seven weeks, and was afterwards treated for some six or eight months. On

complete recovery, the injured leg was found to be slightly shorter than the other.

McCABE, CLOYES & KULL, for appellant.

BRYAN, DUVAL, McCORMICK & WILBUR, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The evidence shows without controversy that the radiator stood in the position where it was at the time of the accident from the first part of January, 1905, until March following. During this time it was in the premises leased to F. E. Janes and Mrs. E. Young, the mother of plaintiff, and was therefore under the control and disposition of the plaintiff's mother. She could have removed the radiator from her premises at any time. If it constituted a danger or a menace as it stood in the position where it was placed by the plumber who disconnected it from the building, it was her duty, or that of Mr. Janes, to remove it, or to so place it that no injury could be occasioned by it. From the facts appearing in the evidence the reasonable inference is that it was not dangerous unless some intervening force was exerted upon it which caused it to fall, for it had stood upon the floor where it was placed for upwards of two months.

The duty of appellant alleged in the amended declaration was to keep the premises in a safe and habitable condition, and "to prevent the placing of obstructions upon any of the stairs or balusters or landings or porches or other means of ingress or egress to or from said premises and buildings," and that appellant violated that duty by wrongfully and negligently permitting and suffering the heaters to be and remain on the porch or stairway or landing for several weeks. As applied to a stairway or landing or porch of the building which were under the charge and control of appel-

lant as owner, and were used by the tenants of the building as a means of ingress or egress to or from the premises rented by them, as averred in the declaration, we think the duty of the appellant as owner to keep them safe and free from hazard and danger is plain and beyond question, but as applied to the facts shown in the case we are of the opinion that appellant violated no duty legally resting upon him, which directly caused the injury.

In Chicago Union Traction Co. v. Giese, 229 Ill. 260, the principle of the law is re-stated as follows:

"The first requisite in establishing negligence is to show the existence of some duty and its violation. Negligence consists in the violation of a duty owing by the party inflicting the injury to the person injured. Back of every instance of negligence must be found a duty to the individual complaining, an observance of which would have avoided the injury. To state the principle in other language, in every case involving actionable negligence there must exist three essential elements: First, the existence of a duty on the part of the person charged to protect the complaining party from the injury received; second, a failure to perform that duty; and third, an injury resulting from such failure. When these elements concur they unitedly constitute actionable negligence, and the absence of any of these elements renders the pleading bad or the evidence insufficient, as the case may be. (2 Cooley on Torts, 3d ed., p. 1411, and cases cited.)"

In our opinion two of the essential elements necessary to actionable negligence do not appear from the evidence in this case. The evidence does not show a duty on the part of appellant to remove the radiator from the premises occupied by his tenants; and second, assuming that such duty existed on the facts shown and he failed to perform it, the injury was not occasioned by such failure. The proximate cause of the injury was the force exerted upon the radiator which

caused it to fall on the plaintiff. This force was exerted at the time of the accident, and necessarily intervened between the negligence claimed and the injury. The alleged negligent act of having the radiator in the porch and failing to remove it did not under the evidence proximately cause the injury. The injury was not the direct or proximate, natural or probable result of leaving the radiator standing in the porch.

Carter v. Towne, 103 Mass. 507, was an action in tort for carelessly and unlawfully selling to the plaintiff, a child eight years old, two pounds of gunpowder, which the plaintiff fired off and was thereby injured. It was held that the powder, having been in the legal custody and control of the plaintiff's parents for more than a week before the injury, the act of the defendant was not the direct proximate natural or probable cause of the injury.

In C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367, 374, it was said:

"The appellants are not responsible for causing this accident, merely, but only for negligence in causing it; and negligence is the omission of the means reasonably necessary, not absolutely necessary, to avoid injury to others. * * * When an accident has once occurred, because it is seen, after the event, that the use of a particular precaution would have effectually prevented it, that does not show that it was the duty of the appellants, beforehand, to have adopted that precaution. The duty was to have used every reasonable precaution, and not every absolutely necessary precaution, to avoid injury to individuals.

"The question is, rather, what would have been the course of a very prudent person, prior to the accident; whether he would have thought exposure to injury from such a cause, such a probable source of danger as to have required the adoption of any further precautions and safeguards than those used to protect against it."

See also Illinois Steel Co. v. Zolnowski, 118 Ill. App. 209; Braun v. Craven, 175 Ill. 401; Sjorgren v. Hall, 53 Mich. 274; Hubbell v. Yonkers, 104 N. Y. 434; McGowan v. C. & N. W. Ry. Co., 91 Wis. 147.

A careful examination of the evidence leads us to the conclusion that there is no evidence in the case which warrants or supports the verdict of the jury that appellant was guilty of negligence which caused or contributed to the injury of appellee.

As this conclusion strikes at the root of the action it is unnecessary to consider the other questions argued by counsel.

The judgment of the Superior Court is reversed with a finding of fact.

*Reversed.*