B. Johnson v. The State.

No. 2009.   Decided November 6, 1912.

**Bigamy—Evidence—Former Wife—Defendant's Declarations.**

Where, upon trial of bigamy, the only proof that defendant had a former living wife at the time he married his alleged present wife was the statement by defendant to several witnesses, without showing cohabitation and other circumstances, the conviction could not be sustained. Following Dumas v. State, 14 Texas Crim. App., 464, and other cases.

Appeal from the District Court of Franklin. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wilkerson & Wilkerson* and *Rolston & Ward,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted and convicted of bigamy and sentenced to two years in the penitentiary.

The State made proof that appellant married Bessie Cherry in Texas the 22d day of October, 1911. The only proof that defendant had a former living wife at the time he married Bessie Cherry is statements made by defendant. Several witnesses testified that defendant had told them prior to marrying Bessie Cherry that he had a wife and two children at Pleasant Gap, Alabama; that he had married Fannie Alexander, and had two children by her. No other proof was offered of his former marriage to Fannie Alexander, except his statements. Can the first marriage be proven by confessions or admissions of a defendant alone? In the case of Dumas v. The State, 14 Texas Crim. App., 464, this question is discussed at length by Judge White, and the authorities extensively cited, and in that case it was held that the first marriage could not be established by a confession alone, but a confession together with cohabitation and other circumstances would sustain a conviction. In this case as there is no other evidence or circumstance shown other than the mere confession offered to show a former marriage, the proof is insufficient to sustain the verdict. Harris v. The State, 20 Texas Crim. App., 652; Brady v. The State, 32 Texas Crim. Rep., 264; Follis v. The State, 46 Texas Crim. Rep., 202; Layton v. The State, 52 Texas Crim. Rep., 513; Nolan v. The State, 60 Texas Crim. Rep., 5, 129 S. W., 1108.

We do not deem it necessary to discuss the other questions raised.

*Reversed and remanded.*