STATE OF MAINE *vs.* AMBROSE SIMPSON.

Hancock.    Opinion February 3, 1915.

*Exceptions. Indictment. Intoxicating Liquors. Judicial Discretion. Motion for New Trial Before the Presiding Justice. Public Laws, 1909, Chap. 184. Public Laws, 1913, Chap. 18. R. S., Chap. 29, Sec. 42. R. S., Chap. 135, Sec. 27.*

1. That when the evidence in support of an indictment is so slight that a verdict based upon it could not be allowed to stand it is the duty of the presiding Justice to direct a verdict in the respondent's favor.

2. That, therefore, the respondent had the legal right to except to the refusal of the presiding Justice to direct a verdict for the respondent, and to carry the question to the Law Court.

3. That the respondent, however, waived his exception to this ruling by subsequently filing a motion for a new trial addressed to the presiding Justice, because the same question was presented to the presiding Justice on the motion as would have been presented to the Law Court on the first exception, and having failed on the motion the respondent cannot be allowed to revive his exception and seek another tribunal.

4. That exceptions do not lie to the refusal of a single Justice to set aside a verdict on motion as against the law and the evidence.

On exceptions by defendant.    Exceptions overruled.    Judgment on the verdict.

This is an indictment against the defendant, as a common seller of intoxicating liquors, under R. S., Chap. 29, Sec. 42.    At the conclusion of State's evidence, defendant requested the presiding Justice to direct a verdict in his favor, which request the Justice refused, and the defendant excepted thereto.    The jury rendered a .verdict of guilty.    The defendant then filed a motion before the presiding Justice to set the verdict aside as against the law and the evidence, which motion the presiding Justice overruled, and defendant excepted to this ruling.

The case is stated in the opinion.

*Herbert L. Graham,* County Attorney, for State.  ,

. *D. E. Hurley,* for defendant.

SITTING: SPEAR, CORNISH, BIRD, HANSON, JJ.

CORNISH, J. The respondent was indicted as a common seller of intoxicating liquors under R. S., Chap. 29, Sec. 42. After the State had introduced all its evidence the respondent requested the presiding Justice to direct a verdict in his favor on the ground of insufficient evidence. The presiding Justice refused to direct a verdict and exceptions were taken by the respondent to this ruling. The respondent introduced no evidence, the case was submitted to the jury, and a verdict of guilty was rendered. The respondent then filed a motion before the presiding Justice to set aside the verdict as against the law and the evidence. The presiding Justice overruled this motion and the respondent alleged exceptions to this ruling.

As a matter of practice and independent of the merits, both exceptions must be overruled. The respondent had the legal right to except to the refusal of the presiding Justice to direct a verdict in his favor. When the evidence in support of an indictment is so slight that a verdict based upon it could not be allowed to stand, it is the duty of the presiding Justice to direct a verdict in the respondent's favor. *State* v. *Cady*, 82 Maine, 426. Had the respondent stood upon his legal rights in prosecuting that exception he could have brought the case to the Law Court, and obtained its decision and opinion as to the sufficiency of the evidence. But subsequently the respondent abandoned that remedy and that course of procedure, and sought the decision and opinion of the presiding Justice upon precisely the same question. He filed a motion asking the presiding Justice to set aside the verdict. The only ground on which the verdict could be set aside was that the evidence was insufficient to support it; which was the precise point raised in the first request. If the evidence was sufficient the direction of a verdict had been properly refused. If the evidence was insufficient the verdict should have been ordered. It follows therefore that exactly the same question was presented to the determination of the presiding Justice by the motion, which would have been presented to the Law Court, on the first exception, and having failed on the motion the respondent cannot now be allowed to revive his exceptions and seek another tribunal. The decision of the presiding Justice on such a motion is final. It is a matter within his discretion, and exceptions do not lie to his ruling. *Moulton* v. *Jose*, 25 Maine, 76. If made in a civil case, no appeal

lies from the decision of the presiding Justice to the Law Court, and a defeated party cannot be heard on a motion both before the single Justice and the Law Court. He must exercise his option and take one course or the other. He cannot take both. And having exercised his choice he is bound by the result. In criminal cases such a motion can only be heard at nisi prius, in the absence of Statute, *State* v. *Gilman,* 70 Maine, 329; *State* v. *Locklin,* 81 Maine, 251. The statutes do not cover an offense of the character of that at bar, but provide for procedure in cases of felony which is by motion to the court at nisi prius and appeal therefrom to the Law Court. R. S., Chap. 135, Sec. 27; Public Laws 1909, Chap. 184; Public Laws 1913, Chap. 18.

To permit the respondent therefore in this case to prosecute his exceptions to the refusal to direct a verdict, when he has sought the same remedy but through another tribunal by his motion to set aside the verdict, would be in effect to allow him not merely to exercise his option, but to give him the benefit of a second tribunal when he had failed in the first. This court has frequently held both in criminal and civil cases that the prosecution of a motion for new trial before the presiding Justice is a waiver of all rights of exception, *State* v. *Call,* 14 Maine, 421; *Cole* v. *Bruce,* 32 Maine, 512; *Dinsmore* v. *Weston,* 33 Maine, 256; *Ellis* v. *Warren,* 35 Maine, 125; and the practice is now well settled. See *Sylvester* v. *Mayo,* 1 Cush., 308. The first exception therefore cannot be entertained, nor can the second, because, as we have already said, exceptions do not lie to the refusal of a presiding Justice to grant a new trial, it being a matter addressed to his judicial discretion.

We might add however, that a careful study of the evidence fails to convince us that the verdict was unsubstantiated by proof. The intoxicating nature of the beverage sold, *Heintz* v. *La Page,* 100 Maine, 542, the number of sales, the character of the men making the purchase, and the circumstances attending the same were all such as might well lead to a conviction. The respondent therefore has lost nothing through technicality.

*Exceptions overruled.*
*Judgment on the verdict.*