## State of Maine

*vs.*

## William Hoffses, Appellant

Waldo.   Opinion, January 21, 1952.

*Hillard H. Buzzell,* for plaintiff.

*Alan Crossman,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MURCHIE, C. J.   The respondent herein, convicted of operating a motor vehicle upon a highway while under the influence of intoxicating liquor, within the purview of R. S., 1944, Chap. 19, Sec. 121, brings his case to this court on exceptions to the denial of a motion for a directed verdict and to evidence rulings permitting two police officers to testify to his admission that he was driving it when it overturned in the highway during the late evening of November 9, 1950.   The exception challenging the refusal of the motion for a directed verdict must be held to have been waived by a motion for a new trial, filed after verdict, although the docket entries do not disclose that any action was taken thereon.   *State* v. *Simpson,* 113 Me. 27, 92 A. 898; *State* v. *Bobb,* 138 Me. 242, 25 A. (2nd) 229.   It may be noted, however, that the respondent loses nothing by the waiver.   The sole ground of error alleged in it presents the identical issue raised by his challenge of the evidence rulings.   His exceptions must be overruled.

The turning over was seen by one Sam Cassida, looking out the window of his house, nearby.   Cassida went to the scene, promptly, after trying, unsuccessfully, to find a flashlight.   When he reached the scene, the respondent was standing in front of the truck and within a few feet of it.   He had a fresh head injury, which Cassida described as a bump, scratch or laceration.   No other person was in sight.   He asked Cassida to notify the police.   Cassida did so, and dressed the injury, but saw nothing to indicate that the respondent was "under the influence of intoxicating liquor."

Neither did three other witnesses, who testified to seeing the truck as it was driven along the highway, shortly before the overturning. There was ample evidence, however, to support the factual finding of the jury on that point.

The evidence discloses that one of the police officers aforesaid saw the respondent drinking in a beer parlor, early in the evening of the day in question, and saw him leave it and proceed toward the truck, which was then parked nearby, with a lady. That officer recognized the truck as one often driven by the respondent, warned him that he had been drinking too much to drive it, and asked him to turn over the key to it. This the respondent refused to do, but undertook to report to the police before driving it. He did not report. He was not seen to enter the truck, or to drive it from where it was parked to the scene of the overturning, but it was found there within an approximate half-hour of the warning. The distance involved is not given definitely in the record, but the three witnesses who saw the truck in operation on the highway testified that it passed them on the road and that they followed it, in the car in which they were traveling, for about two and a half miles.

The testimony challenged by the exceptions includes that of the police officer who warned the respondent not to operate the truck, and was the first to reach the scene where it overturned. He testified that the respondent admitted that he was alone in the truck, and was driving it, when it turned over. A second officer asserted that the respondent said he knew he took the curve on which the over-turning occurred too hard, that he had been drinking too much, and that he should not have been driving.

The respondent's claim is that the *corpus delicti* was not proved, except by his admissions to the officers and that his statements, as extra-judicial confessions, were not competent evidence to establish it. He relies particularly on the recent decision of this court in *State* v. *Levesque*, 146

Me. 351, 81 A. (2nd) 665. Therein it was declared that the extra-judicial confession of a respondent that he had set fire to rubbish in the cellar of a building, placed it against a wooden partition and watched it until the wood started to burn would not establish the *corpus delicti* of the crime of arson, against the evidence of the firemen who extinguished the fire that no wood had in fact been ignited. The case discloses that exceptions were reserved against a ruling admitting evidence of the confession of the respondent, but the case was decided on an appeal from the denial of a motion for a new trial.

The situation presented in the *Levesque* case is in no way comparable to the present one. There it was adequately proved that there had been a fire in the cellar of the building involved in the arson charge, but there was no proof, outside the confession, of a burning that would constitute arson. In this case it is proved conclusively that a motor vehicle turned over while being operated on a highway, that the vehicle had been in the control of the respondent a half-hour earlier, some miles away, and that the respondent was not only at the place where the over-turning occurred immediately thereafter, but was (apparently) alone, and had suffered a recent injury. It was proved also that he assumed the responsibility for notifying the police of the event.

Comparison of the situations presented in *State* v. *Levesque, supra,* and in the instant case serves, admirably, to illustrate both the reason underlying the *corpus delicti* doctrine and the proper use of extra-judicial confessions within its limitations. The authorities make it clear that the underlying reason for the doctrine rests in the desire to safeguard against the possibility of a conviction for an alleged crime not, in fact, committed. This is made clear in the Note following the report of *Bines* v. *State,* 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 33, in L.R.A. Both the case and the Note are cited in *State* v. *Levesque, supra.* See, also,

the Annotation and the Notes following the reports of *State v. Morgan,* 157 La. 962, 103 So. 278, 40 A. L. R. 458, *Comm. v. Killion,* 194 Mass. 153, 80 N. E. 222, 10 Ann. Cas. 911, and *Nolan* v. *State,* 60 Tex. Crim. 5, 129 S. W. 1108, Ann. Cas. 1912 B 1248, at pages 460, 913 and 1249, respectively, in A. L. R. and Ann. Cas. The cases, notes and annotation, and many cases identified therein, establish adequately the principle, generally recognized, that extra-judicial confessions are competent evidence to corroborate other proof of the *corpus delicti.*

That the present case is one in which the admissions of the respondent constitute extra-judicial confessions provable against him within the field defined in said cases, notes and annotation, does not admit of doubt. Reference to three of the four cases cited from other jurisdictions, where verdicts were set aside on the ground that the *corpus delicti* was not proved except by a confession, demonstrates more than ample grounds for distinguishing them therefrom.

*Bines* v. *State, supra,* may be said to have been controlled by a provision of the Georgia Code declaring that:

"a confession alone, uncorroborated by other evidence, will not justify a conviction",

but there was no evidence whatsoever in that case, outside the confession, that the respondent was at, or near, the scene of the alleged crime at the time. *Morgan* v. *State* and *Nolan* v. *State,* both *supra,* were prosecutions for sex crimes, and in each case the alleged victim testified that the crime charged had not been committed. In the latter, there was evidence that such victim, an unmarried female, had borne a child, and it was therefore established as a fact that some male had had intercourse with her, but the crime charged was incest and the court declared, quite properly, that the birth was not:

"evidence of incestuous intercourse".

*Cayford's Case,* 7 Me. 57, decided as far back as 1830, as was declared in *Ham's Case,* 11 Me. 391, that:

> "a deliberate and voluntary confession, understandingly made, is the best evidence",

and competent testimony to prove an essential element of a crime. Cayford was prosecuted for lewd and lascivious cohabitation under a statute, Laws of 1821, Chap. X, defining the offense as involving a man and a woman "either or both of whom" were married. Cayford's confession was that he was married. There was no other evidence of that fact. The same fact was in issue in Ham's prosecution, which was for adultery, but his confession was held insufficient to justify conviction, because of its remoteness in time.

Neither of these early cases discussed the *corpus delicti* doctrine or the use of extra-judicial confessions to prove, or corroborate, the commission of a crime. Both fit admirably, however, into the rule of corroboration, as declared in Wharton's Criminal Evidence, Sec. 641. It is said there to be "generally accepted" that the evidence which will qualify an extra-judicial confession for admission in corroboration need not establish the *corpus delicti* beyond a reasonable doubt, but is sufficient if, when considered therewith, it so satisfies the jury "that the offense was committed and that the defendant committed it." Continuing, Wharton says:

> "It has been said that the corroboration of an extrajudicial confession is met if the additional evidence is sufficient to convince the jury that the crime charged is real, and not imaginary; and again, that it is sufficient if the independent evidence establishes the corpus delicti to a probability."

It is amply proved in this case that the respondent, while under the influence of intoxicating liquor within the meaning of the statute, had in his possession the key to a motor vehicle which, a few miles distant and an approximate half-hour later, turned over in the highway while being oper-

ated thereon, and that he was standing alone near it, somewhat injured, within minutes thereafter. His statements admitting that he was the operator of it at the time of the overturning were competent evidence to prove that essential fact.

*Exceptions overruled.*