**James Roy WINK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35243.**

Court of Criminal Appeals of Texas.

Jan. 23, 1963.

Rehearing Denied Feb. 27, 1963.

Reid & Reid by J. W. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is bigamy, as denounced by Art. 490a, Vernon's Ann.P.C., where the bigamous marriage occurs without the state and the parties later cohabit within this state; the punishment, two years.

The sufficiency of the evidence to support the conviction is challenged.

The state offered proof that the appellant and Mary Ann Williams were duly and legally married on September 28, 1961, in Taylor County, Texas, and that they thereafter lived together as husband and wife for four or five months, after which they separated.

■ To establish the subsequent bigamous marriage, the state introduced in evidence appellant's extrajudicial confession, dated June 26, 1962, in which he admitted his first marriage, to Mary Ann Williams, and stated that on June 16, 1962, he went to Via Acuña, Mexico, with Mary Ann Rodriquez, where they were married and then returned to Abilene, Texas, where they had been living with her parents, as man and wife.

The only evidence offered by the state, other than appellant's extrajudicial confession and admissions, to establish his bigamous marriage in Mexico to Mary Ann Rodriquez and their later cohabiting in this state was testimony showing appellant's presence at the Rodriquez home in Abilene on June 26, 1962, at which time Mary Ann Rodriquez exhibited to an officer a purported marriage license which she stated they "had obtained in Mexico."

Such testimony clearly fails to show cohabitation of the parties in this state and is insufficient to corroborate appellant's extrajudicial confession of their cohabitation.

■ In prosecutions for bigamy, it is the rule that a first marriage cannot be established by the sole confession or admissions of the defendant, but a confession together with evidence of cohabitation *and* other circumstances is sufficient to sustain

a conviction. 8 Tex.Jur.2d 687, Sec. 5; Dumas v. State, 14 Tex.App. 464; Johnson v. State, 68 Tex.Cr.R. 104, 150 S.W. 936. Such rule would likewise be applicable to proof of the subsequent bigamous marriage.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the court.