**STATE of Maine**

v.

**Donald MILLETT.**

Supreme Judicial Court of Maine.

June 27, 1968.

———◆———

David Aldrich, County Atty., So. Paris, for appellant.

George A. Bouchard, Norway, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. The appellant was tried before a jury at the February Term, A.D. 1968 of the Superior Court, within and for the County of Oxford, for the crime of operating a motor vehicle while under the influence of intoxicating liquor. The jury returned a verdict of guilty. During the course of the trial the State presented testimony concerning the extrajudicial admissions of the appellant tending to show that he was the operator of the motor vehicle.

Objection was made to the allowance of these admissions in evidence for the reason that the corpus delicti had not been established. During the course of the trial the appellant admitted that he was intoxicated so there remained only the element of operation to be proven by the State. The only question presented to us is whether or not the corpus delicti was sufficiently proven. The record shows that a car driven by one Harold Savage was being operated on a public highway leading from South Paris to West Paris, Maine at about midnight on the eighth day of October, 1966. Accompanying Mr. Savage, and in the front seat of the car, were two passengers, Millard Cummings and Beverly Pratt. As they were proceeding along the highway an approaching car sideswiped the car operated by Savage, continued on for some distance, finally stopping in a ditch. The Savage car was brought to a halt a short distance from where the impact took place. When the Savage car stopped the three occupants alighted from the car and, upon looking back down the road, one witness, at least, saw a car off the road. Miss Pratt testified that she observed the car that had come in contact with the Savage car go off the road. As observation was being had of the car Miss Pratt saw someone near the car lighting a cigarette and then noticed a person approaching the Savage car, particularly because of the glow of the cigarette. When the individual arrived at the Savage car it developed that he was the appellant, Mr. Millett, who was not unknown to the occupants of the Savage automobile. No other person was seen at that time in the vicinity of the car from which Millett came from. Actually Miss Pratt was walking toward the Millett car as Millett was walking toward the Savage car and they met some distance from the Savage car. Millett at that point made some admissions which were damaging to him in their character. Later on members of the State Police arrived and talked with all of the people involved. Millett in the meantime had gone to his car and one of the troopers went down the road where the

car was located to talk with Millett. When the trooper arrived he found Millett leaning across the ·front seat looking into his glove compartment to obtain, as he says, the registration certificate which he found and turned over to the trooper.

"In the Hoffses case we laid down the rule as to the proper use of extrajudicial confessions within their limitations and adopted the principle which is generally recognized that extrajudicial confessions are competent evidence to corroborate the proof of corpus delicti and we held in that case that the evidence which will qualify an extrajudicial confession for admission in corroboration need not establish the corpus delicti beyond a reasonable doubt but is sufficient if, when considered therewith, it so satisfies the jury 'that the offense was committed and that the defendant committed it.' " State v. Carleton et al., 148 Me. 237, at 240, 92 A.2d 327, at 329.

"Corpus delicti is established if evidence, either circumstantial or direct, · demonstrates the probability that a crime has been committed." State v. Tripp, 158 Me. 161, at 168, 180 A.2d 601, at 604.

See also State v. Hoffses, 147 Me. 221, 85 A.2d 919.

The factual aspects of the case show that after the impact appellant's car ran into the ditch some distance in back of the Savage car and· that after the occupants got out of the Savage car Miss Pratt observed someone standing by the Millett car lighting a cigarette. She then walked down the road toward the Millett car. Her attention was attracted by the glow of a cigarette being smoked by a person approaching her. She observed no other person or persons about or near the Millett car. This latter observation was made within a very short time after the impact. No other traffic was on the road at the time of the occurrence. Later when the officers arrived Millett procured the registration of the car, which was in his name, and gave it to the officer. The sequence of events and circumstances demonstrate the probability that the appellant was the operator of the car.

The admissions of the appellant were properly admitted for jury consideration.

Appeal denied.

DUFRESNE, J., did not sit.