## WILLIAM BRADY v. THE STATE.

### *No. 189.    Decided June 7.*

**Evidence — Extra-Judicial Confessions — Corpus Delicti.**—Extra-judicial confessions alone, uncorroborated by other evidence as to the main fact, are inadequate to establish the corpus delicti of crime.

APPEAL from the District Court of Edwards. Tried below before Hon. C. C. CLAMP, Special Judge.

The indictment in this case charged defendant with offering to bribe one A. V. D. Old, to procure the dismissal of a certain prosecution, by indictment, against one Dave Sweeten, charged with the theft of one head of cattle, and in which said case the said A. V. D. Old had been employed as private prosecutor to assist the district attorney. At the trial appellant was convicted, and his punishment assessed at two years in the penitentiary.

The facts are sufficiently stated in the opinion.

*Clark & Fuller, W. T. Merriwether,* and *I. N. Spann,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted for offering to bribe A. V. D. Old, an attorney at law (who was employed by some private parties to prosecute one Dave Sweeten for cattle theft), and sentenced to two years in the penitentiary, from which he appeals.

We find it unnecessary to consider the interesting questions raised by appellant's brief.    Conceding that Old, who was an attorney employed by private prosecutors to assist the district attorney, could be the subject of bribery, still, as we regard the case made by the record before us, the sole incriminative evidence rests upon the confession of appellant.    Outside of that confession, there is no evidence that Old was ever offered a bribe of any character by appellant, directly or indirectly.    There is no evidence that Ira Wheat, the sheriff, agreed to offer Old anything, or that he ever spoke to Old in reference to the matter.    His evidence was, that appellant offered him $150 to use his influence with Old to secure the dismissal of the case, but there is no evidence that he did so.    If we turn to the confession itself, it clearly shows that appellant acted as agent for Wallace, who had started the prosecution, and now wished it dismissed. There is no proof of a corpus delicti in this case.    It is declared to be a. proposition to which there is but little dissent, that extra-judicial confessions alone, uncorroborated by other evidence as to the main fact, are inadequate to establish a corpus delicti.    1 Bish. Crim. Proc., sec. 1058. Old died before the trial, and there is no one who heard the offer, or knows that any offer was actually made, outside of the statement of appellant; and that confession shows that the offer was made in Wallace's name, and at the request of Wallace, who was originally interested in the prosecution by Old, but now desired the prosecutor to withdraw the prosecution, because Sweeten had become his son-in-law pending said prosecution.

For the want of evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.