Sixto MONTERRUBIO a/k/a
Six, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–318–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 23, 1997.

Joe Valle, Brownsville, for appellant.

John A. Olson, Asst. County & District Attorney, Robert H. Moore, Jr., Asst. County (Crim. Dist.) Attorney, Yolanda De Leon, District Attorney, Brownsville, for the state.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant, Sixto Monterrubio, Jr., was found guilty of the offense of capital murder and was assessed a life sentence. Monterrubio appeals his conviction claiming that the trial court improperly denied his motion for a directed verdict and that the trial court erred in failing to suppress his confessions. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

On October 9, 1993, detectives of the Brownsville Police Department interviewed appellant about the disappearance of Carla Villarreal. As a result of the interview, which took place at the Brownsville P.D., detectives elicited appellant's written confes-

sion revealing that he and his cousin, Jose Monterrubio, had sexually assaulted and murdered Carla and had buried her body in a shallow grave. The interview began at 9:00 a.m. and ended at approximately 4:00 a.m on October 10 when appellant endorsed his confession and was placed under arrest.

The grand jury indicted appellant and Jose Monterrubio for Carla's murder. Appellant's case was severed and proceeded to trial. The jury found him guilty of capital murder and sentenced him to life imprisonment.

On appellant's first appeal to this court, we reformed the judgment to the lesser included offense of murder, rather than capital murder, after finding no evidence to corroborate appellant's confession to aggravated sexual assault. The Court of Criminal Appeals granted the State's petition for review and remanded the case to this court for consideration of the testimony regarding appellant's co-defendant's extrajudicial statements as evidence corroborating the sexual assault. On remand, we affirm.

## ORAL AND WRITTEN CONFESSIONS TO POLICE

We first consider appellant's second point of error in which he argues that the confessions were the products of an illegal arrest and that the trial court erred in failing to suppress them.

The trial court conducted a pretrial hearing to consider appellant's motion to suppress. The court heard testimony from appellant, his father, and from all the police officers and detectives involved in obtaining appellant's confession.

Appellant testified that on the day he gave his confessions, he only agreed to accompany the detectives to the police station after they arrived at his house and threatened to take him in by the authority of a subpoena if he did not agree to go voluntarily. Appellant also testified that once he arrived at the police station he was locked in a small interview room, he was denied the opportunity to use a telephone, he was not allowed to leave, and he was denied the opportunity to visit with his father and sister who arrived later.

Appellant further testified that he was not allowed to leave without giving his second and most incriminating confession, that he was threatened and coerced by the police to confess, and that the police chief promised to ask the judge for leniency in exchange for the confession.

The officers and detectives testified that appellant voluntarily attended the interrogation. Detectives Julian Ramirez and Roland Avitia testified that they went to appellant's house at approximately 9:00 a.m. on October 9, 1993. Appellant's father answered the door. He became upset with the police and did not allow them to enter the house. The detectives testified that appellant was not under arrest at that time and that appellant voluntarily agreed to accompany them to the police station for questioning. They also testified that they never threatened to get a subpoena to bring appellant into the station and that while there, appellant was not under arrest and therefore free to leave at any time.

■ An individual is arrested when he has been actually placed under restraint or taken into custody. TEX.CODE CRIM.PROC.ANN. art. 15.22 (Vernon 1989). A person has been seized under the Fourth Amendment when, in view of all the circumstances surrounding the law enforcement officer's action, a reasonable person would have believed he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). However, the Texas Court of Criminal Appeals concluded that,

We are unaware of any rule of law which forbids lawfully constituted officers of the law from requesting persons to accompany them, or of providing transportation to the police station or some other relevant place in furtherance of an investigation of a crime. Nor are we aware of any rule of law that prohibits police officers from voluntarily taking a person to the police station or some other relevant place in an effort to exonerate such person from complicity in an alleged crime. Nor are we aware of any rule of law which forbids one to reject such request. If the circumstances show that the transportee is acting only upon the invitation, request, or even

urging of the police, and there are no threats, express or implied, that he will be taken forcibly, the accompaniment is voluntary, and such person is not then in custody. In other words, under those circumstances, such person has not "been taken into custody or otherwise deprived of his freedom of action in any significant way." (citation omitted).

*Shiflet v. State,* 732 S.W.2d 622, 628 (Tex. Crim.App.1985). Oral confessions of guilt, or oral admissions against interest, made by a suspect who is in custody, are not admissible evidence unless made in compliance with the provisions of article 38.22 of the Texas Code of Criminal Procedure. *Shiflet v. State,* 732 S.W.2d 622 at 623. If the person who makes an oral confession of guilt, or an oral admission against interest, is not in custody, a different rule applies. *Id.* Art. 38.22, Section 5 of the Texas Code of Criminal Procedure provides: "Nothing in this article precludes the admission of a statement made by the accused ... that does not stem from custodial interrogation...." TEX.CODE CRIM. PROC. art 38.22, § 5 (Vernon 1979). Thus, an oral admission against interest or an oral confession of guilt which does not stem from custodial interrogation, and is given freely, voluntarily and without compulsion or persuasion, is admissible evidence against the accused. *Id.*

The determination of whether a confession is voluntary must be based upon examination of the totality of the circumstances surrounding its acquisition. *Berry v. State,* 582 S.W.2d 463, 465 (Tex.Crim.App.1979); *Farr v. State,* 519 S.W.2d 876, 880 (Tex.Crim.App. 1975). The trial judge is the trier of fact at a hearing on the voluntariness of a confession. The trial judge is the exclusive judge of the credibility of the witnesses as well as the weight to be afforded their testimony. *Barton v. State,* 605 S.W.2d 605, 607 (Tex.Crim. App.1980). The standard of review on appeal is whether the trial court abused its discretion. *Id.*

The trial judge entered written findings of fact, which are in relevant part as follows:

6. The Defendant was never in custody nor under arrest on October 9, 1993 until after the second confession was given;

7. The Defendant was not under any type of physical restraint during the day in question;

8. The Defendant was not mistreated or harassed during the day of October 9, 1993;

The trial judge also entered written conclusions of law, which are as follows:

1. The confessions were freely and voluntarily given, after his rights were fully explained;

2. The Defendant was not coerced, compelled nor [sic] persuaded to give the confessions;

3. The Defendant was not in custody nor [sic] under arrest until after the second confession; and

4. Both confessions given on October 9, 1993 are admissible and were not obtained in violation of Defendant's rights.

We find that the record discloses ample evidence to support the trial court's findings and conclusions that appellant's confessions were not the product of an illegal arrest but rather were voluntarily made during the time when the appellant was not in custody. Appellant's second point of error is, therefore, overruled.

■ By his third and fourth points of error, appellant claims the trial court should have suppressed his confession because it resulted after repeated requests by him to invoke his right to counsel and to terminate the interview, which he claims the police refused to honor.

Appellant testified that during the course of the interrogation he asked to use the telephone six times, he asked for an attorney "about twice," and he asked to terminate the interview twice. Police detectives testified, however, that they informed appellant of his *Miranda* rights at the outset of the interrogation, that appellant was read his rights twice (which appellant endorsed line by line with his initials), and that appellant waived his rights twice. As evidence, the State submitted two documents titled "Warning and Waiver of Rights." Each document was

signed by appellant before he made each of his confessions. Appellant endorsed each of the *Miranda* warnings (indicating he understood his rights) and signed the statements indicating waiver of his rights. Following these waivers, appellant volunteered several false alibis throughout the day, volunteered the name of Jose Monterrubio to vouch for his statement, and volunteered the second confession when informed that Carla's body had been located.

A trial court has broad discretion in determining the admissibility of evidence, and we will not reverse absent a clear abuse of discretion. *Allridge v. State,* 850 S.W.2d 471, 472 (Tex.Crim.App.1991), *cert. denied,* 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993). On a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and judge of credibility of witnesses including the weight to be given their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Cannon v. State,* 691 S.W.2d 664, 673 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). In that regard, the trial judge determines the credibility of witnesses and the weight to be given their testimony, and may choose to believe or disbelieve any witness in whole or in part. *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Crim.App.1990); *Johnson v. State,* 698 S.W.2d 154, 159 (Tex. Crim.App.1985), *cert denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Cannon,* 691 S.W.2d at 673; *Campbell v. State,* 747 S.W.2d 65, 67 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The judge's findings are not to be disturbed absent a clear abuse of discretion. *Meek,* 790 S.W.2d at 620; *Campbell,* 747 S.W.2d at 67.

On review, an appellate court determines whether the findings are supported by the record. *Romero,* 800 S.W.2d at 543. If the record supports the trial court's findings of fact, an appellate court is not at liberty to disturb them, and on appellate review the only remaining inquiry is whether the trial court improperly applied the law to the facts. *Id.; Johnson,* 698 S.W.2d at 159; *Campbell,* 747 S.W.2d at 67. Should the trial judge's determination be correct on any theory of law applicable to the case, it will be sus-

tained. *Romero,* 800 S.W.2d at 543. With respect to these suppression issues, the trial judge entered the following written findings:

1) The Defendant on October 9, 1993 gave two confessions

....

5) The Defendant had been admonished of his *Miranda* rights prior to October 9, 1993;

....

9) Prior to giving the 1st statement the Defendant had been at the police station almost three hours. Before the second confession the Defendant had been at the police station for about 12 hours;

10) Prior to signing each confession the Defendant was fully admonished of his rights pursuant to Article 38.22 and he freely and voluntarily waived these rights;

....

12) The Defendant was not promised anything to provide either statement;

13) The confessions were long and very detailed and the Defendant provided all these details and placed his initials and signature at the conclusion of each confession;

....

18) The Defendant read, understood and signed both confessions.

There is ample evidence to support the trial court's findings and conclusions that after being apprised of his rights, appellant waived those rights and confessed voluntarily. There was no abuse of discretion in admitting the confessions into evidence. Appellant's third and fourth points of error are overruled.

## DENIAL OF REQUEST FOR INSTRUCTED VERDICT

■ By his first point of error, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, appellant contends that the trial court erred in overruling his motion for a directed verdict at the close of the State's case-in-chief, asserting that the State failed to corroborate his confessions to the underlying offense of aggravated sexual assault.

A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990).[1] In determining the merits of an insufficiency claim, we review the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 157 (Tex.Crim.App.1991). If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling appellant's motion. *Madden*, 799 S.W.2d at 686.

Texas has long recognized the rule that a criminal defendant's conviction may not be based solely on that defendant's extrajudicial confession, and if such confession is obtained there must be some independent evidence of the *corpus delicti* of the crime. *Brady v. State*, 32 Tex.Crim. 264, 22 S.W. 924, 925 (1893). The rule does not require that the independent evidence fully prove each element of the *corpus delicti*, only that it tend to prove the *corpus delicti*. *Fisher v. State*, 851 S.W.2d 298, 302–03 (Tex.Crim.App.1993). Nor does it require that the evidence be sufficient by itself to prove the offense. *Chambers v. State*, 866 S.W.2d 9, 15 (Tex. Crim.App.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994). The quantum of independent evidence necessary to corroborate the *corpus delicti* in a criminal prosecution need not be great. *Gribble v. State*, 808 S.W.2d 65, 71–72 (Tex.Crim.App. 1990). *cert. denied*, 501 U.S. 1232, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). So long as there is some evidence which renders the *corpus delicti* more probable than it would be without the evidence, the essential purposes of the rule have been served. *Id.* at 72.

In the capital murder context, an extrajudicial confession must be corroborated as to the murder **and** the underlying felony which elevated the murder to a capital offense. *Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim.App.1994). In other words, the *corpus delicti* of both the murder and the underlying felony must be shown by evidence independent of the confession. *Id.* In the present case, therefore, the State was required to produce some independent evidence tending to show not only that the victim was murdered, but also that an aggravated sexual assault took place. We note, however, that the perpetrator's identity is not a part of the *corpus delicti* and so need not be corroborated. *Chambers*, 866 S.W.2d at 15. It is not even necessary that appellant himself have sexually assaulted the victim; his participation as a willing party is sufficient. It is only necessary that some evidence supports appellant's assertion that the victim was sexually assaulted.

The evidence which tends to establish the *corpus delicti* of the aggravated sexual assault is as follows:

1) Appellant testified at trial that his cousin, Jose, was "horny" for Carla and that Jose began beating her after she declined his sexual advances. He also testified that Jose told him that he had Carla perform oral sex on him.

2) Appellant told certain members of the press that he had helped Jose rape Carla.

3) A police officer testified regarding Jose's extrajudicial statements in which Jose confessed to sexually assaulting Carla before she was murdered.

Since all that is required for corroboration is that there be some evidence which renders the commission of the underlying offense more probable than it would be without the corroborating evidence, appellant's assertion that the victim was sexually assaulted is suf-

---

1. Numerous courts of appeals, including this court and the Court of Criminal Appeals, have used the terms "directed verdict" and "instructed verdict" without distinction when referring to a defendant's motion at the close of the State's case-in-chief. *See Cook v. State*, 858 S.W.2d 467 (Tex.Crim.App.1993); *State v. Murk*, 815 S.W.2d 556 (Tex.Crim.App.1991); *Moore v. State*, 739 S.W.2d 347 (Tex.Crim.App.1987;) *see also Cofield v. State*, 857 S.W.2d 798 (Tex.App.—Corpus Christi 1993, no pet.); *Delgado v. State*, 840 S.W.2d 594 (Tex.App.—Corpus Christi 1992, no pet.). Since *Madden v. State*, 799 S.W.2d 683 (Tex.Crim.App.1990), the leading case from the Court of Criminal Appeals uses the term "instructed verdict," we follow with the same.

ficiently corroborated by Jose's confession. We overrule appellant's point of error.

The judgment of the trial court is AF-FIRMED.