In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00138-CV
______________________________


DILLON ANTHONY D/B/A 
ANTHONY CONSTRUCTION COMPANY, Appellant
Â 
V.
Â 
TED LEMAY AND DIANE LEMAY, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 03C1523-CCL


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss








MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Dillon Anthony, d/b/a Anthony Construction Company, appeals from a judgment in a suit
over a construction dispute. The clerk's record was filed December 10, 2004, and the reporter's
record was filed January 5, 2005. Appellant's brief was therefore due to be filed no later than
February 4, 2005. On February 17, we wrote to appellant, warning him that, if he did not file his
brief within fifteen days of the date of the letter, along with a letter reasonably explaining his failure
to file his brief timely, his appeal would be subject to dismissal for want of prosecution. See Tex.
R. App. P. 38.8(a)(1), 42.3. An additional fifteen days have now elapsed since our stated deadline
for filing the brief and explanation. Appellant has neither filed his brief nor contacted this Court. 
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal for want of prosecution.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â March 16, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 17, 2005



he car ride, Jeremy
became agitated with Nicklebur and began hitting him. Baughman testified that Jeremy had hit
Nicklebur in the back of the head with a flashlight, then again later with a tire tool, that Gregory gave
Jeremy a knife, and that Jeremy came away from Nicklebur wiping blood off the blade. 

 Gregory contends that there was no evidence he personally killed the victim. The jury was
charged that Gregory could be found guilty either as a principal or as one criminally responsible for
the act of another. As the State points out, even in the absence of evidence that Gregory did the
actual killing, there is substantial evidence connecting him to the death.

 Under Sections 7.01 and 7.02 of the Texas Penal Code, an individual may be charged as a
party to an offense and held criminally responsible for the conduct of another when that individual
acts in concert with another person in committing an offense. Circumstantial evidence alone may
be used to prove that a person is a party to an offense. Powell v. State, 194 S.W.3d 503, 506 (Tex.
Crim. App. 2006); Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).

 In determining whether an individual is a party to an offense and therefore subject to criminal
responsibility, a reviewing court may consider events that occurred before, during, or after the
commission of the offense. Powell, 194 S.W.3d at 507; Porter v. State, 634 S.W.2d 846, 849 (Tex.
Crim. App. 1982).

 The evidence shows that, before confronting Nicklebur, Gregory obtained a baseball bat and
carried the bat over to the body when they reached the area where the body was ultimately left. 
When recovered, the bat was cracked, with blood found inside the bat. The evidence shows that,
while riding around with Nicklebur, the group stopped at a house, from which Gregory obtained a
knife. The ultimate cause of Nicklebur's death was a combination of stabbing and blunt force
trauma. There was testimony that Gregory gave the knife to Jeremy and that Jeremy returned later,
wiping blood off the blade of that knife.

 There was testimony that Baughman and Gregory returned to the body after leaving briefly,
removed the head, set the body afire, and threw the head in a creek, where it was later found.

 There is no evidence to the contrary, and no real defensive theories have been propounded
to suggest an alternative understanding of the evidence presented. It has been pointed out that there
is little other physical evidence to connect Gregory to the scene. However, in light of all of the other
evidence and testimony, we do not find that particular detail such a weakness in the State's case that
a different result is required on appellate review. Under the evidence as presented to the jury, we
conclude that the evidence is legally and factually sufficient to support the verdict. The contention
of error is overruled.


(3) The Statements Need Not Have Been Suppressed

 Gregory also contends the trial court erred by denying his motion to suppress his two
statements. His contention is that the statements were taken while he was in custody and that they
were inadmissible because the warnings required by Article 38.22 of the Texas Code of Criminal
Procedure were not given before the statements were taken. See Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon 2005).

 Findings of fact have been filed in relation to the two statements. The trial court found the
first statement noncustodial and found the second statement to have been voluntarily given. From
the record, we cannot say that those findings were improper.

 The standard of review for the trial court's ruling on a motion to suppress is abuse of
discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Freeman v. State, 62
S.W.3d 883 (Tex. App.--Texarkana 2001, pet. ref'd). In a suppression hearing, the trial court is the
sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony. 
The evidence should be viewed in the light most favorable to the trial court's ruling. State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999); Freeman, 62 S.W.3d at 886. We should afford
almost total deference to the trial court's determination of historical facts that the record supports,
especially when the fact-findings are based on an evaluation of the witnesses' credibility and
demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Freeman, 62 S.W.3d at 886.


 (a) The First Statement 

 This statement was taken by Investigator Don Jeter at Gregory's home. Gregory and
Baughman testified that, though they were not under arrest, they felt their freedom was restricted and
they were not to be allowed to leave. The investigator, however, testified to the contrary: that
Gregory was not under arrest and had been free to leave and that Gregory had been asked to come
to the sheriff's office to give a statement and had declined. Further, a review of the statement shows
that it was in no way inculpatory.

 The court found that officers did not tell Gregory he was under arrest, that he was not being
detained, that he had the right to leave, and that he spoke to the officer for some time outside the
residence before going into the house to sign the written statement. 

 An individual is arrested when he or she has been actually placed under restraint or taken into
custody. Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon 2005). At least four general situations
may constitute custody: (1) the suspect is physically deprived of his freedom of action in any
significant way, (2) a law enforcement officer tells the suspect that he cannot leave, (3)Â law
enforcement officers create a situation that would lead a reasonable person to believe that his or her
freedom of movement has been significantly restricted, and (4) there is probable cause to arrest and
law enforcement officers do not tell the suspect that he or she is free to leave. Dowthitt v. State, 931
S.W.2d 244, 255 (Tex. Crim. App. 1996).

 Oral confessions of guilt, or oral admissions against interest, made by a suspect who is in
custody, are not admissible evidence unless made in compliance with the provisions of Article 38.22
of the Texas Code of Criminal Procedure. Shiflet v. State, 732 S.W.2d 622, 623 (Tex. Crim. App.
1985).

 But if a person makes an oral confession of guilt or an oral admission against interest while
not in custody, a different rule applies. Id. Article 38.22, Section 5, of the Texas Code of Criminal
Procedure provides: "Nothing in this article precludes the admission of a statement made by the
accused . . . that does not stem from custodial interrogation . . . ." Tex. Code Crim. Proc. Ann.
art. 38.22, § 5 (Vernon 2005). Thus, an oral admission against interest or an oral confession of guilt
which does not stem from custodial interrogation, and is given freely, voluntarily, and without
compulsion or persuasion, is admissible evidence against the accused. Shiflet, 732 S.W.2d at 623; 
Monterrubio v. State, 941 S.W.2d 322, 324 (Tex. App.--Corpus Christi 1997, no pet.); see Rodgers
v. State, 111 S.W.3d 236, 241 (Tex. App.--Texarkana 2003, no pet.).

 There is evidence that, if believed by the trial court, fully supports the finding that Gregory
was not in custody under any of the theories set out above at the time he made the first statement. 
Thus, the trial court properly ruled the first statement admissible.

 (b) The Second Statement

 The second statement was taken after Gregory's arrest, at the police station, on April 20,
2004, at 4:51 a.m. Counsel argues that the statement was inadmissible because Gregory could not
knowingly and voluntarily waive his rights due to a lack of sleep. The trial court found that Gregory
was properly given the necessary warnings, that he was informed of his right to counsel and of his
right to end the interview, and that he signed a waiver of those rights. The court found that Gregory
never thereafter asked to terminate the interview or asked for counsel and that he was not promised
anything in exchange for his statement or denied any necessities before or during the interview. 

 It is clear that the statement was taken before daybreak. That is not, however, so important
as it appears. From this record, it is apparent that Gregory had been taking methamphetamine to the
point that his sleep cycle was truly disrupted, and it is unclear whether he distinguished night from
day with any degree of clarity. Gregory testified at the hearing that he had been using
methamphetamine for at least eight or nine days before his arrest and that he did sleep for a couple
of hours before the interview. He claimed not to remember signing the paper, or many other things. 
The investigator testified that Gregory seemed tired, but by that point was not intoxicated and
seemed to be thinking clearly such that he understood what he was doing. The investigator also
testified that, after the statement was taken, Gregory did complain of being tired.

 Even had the trial court believed that Gregory had been sleep deprived, such deprivation
would not be enough to warrant suppression. See Johnson v. State, 698 S.W.2d 154 (Tex. Crim.
App. 1985); Barney v. State, 698 S.W.2d 114, 121 (Tex. Crim. App. 1985) (en banc) (lack of sleep
for sixteen hours will not, by itself, render confession involuntary); Whitmire v. State, 183 S.W.3d
522, 528 (Tex. App.--Houston [14th Dist.] 2006, no pet.). The evaluation is of the totality of the
circumstances. Creager v. State, 952 S.W.2d 852, 855 (Tex. Crim. App. 1997) (en banc). Here,
lack of sleep alone is simply not a factor to outweigh all others. We cannot say that the trial court
abused its discretion in refusing to suppress the confession. We overrule the contention of error.

 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 24, 2007

Date Decided: March 20, 2007


Do Not Publish

 
1. Gregory and Jeremy Narramore will be referred to by their first names.
2. The jury assessed Gregory's punishment at eighty years' imprisonment and a $10,000.00 fine. 
By contrast, Jeremy was sentenced to twenty years' imprisonment.