In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00226-CR


______________________________




GREGORY SCOTT NARRAMORE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 13,616




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Officers made a grisly find in rural Upshur County: the decapitated and partially burned body
of Joe Nicklebur. The procedural twist in this case resulting from that death is only a little less
striking. While, in a separate case, Nicklebur's actual killer, Jeremy Narramore, (1) was convicted of
only manslaughter, an Upshur County jury convicted his brother and the appellant herein, Gregory
Scott Narramore, of murder as a party to the killing. (2) Thus, the killer is convicted of a lesser crime,
while the accomplice is convicted as a party to a greater offense and sentenced to four times the
length of punishment.

 Gregory's appeal attempts to apply the collateral estoppel arm of res judicata to the case,
arguing that he could not be properly convicted as a party to one category of crime, while the
principal actor had been convicted only of a crime of a lesser category. It also urges that the
evidence is legally and factually insufficient and that the trial court erred by refusing to suppress two
statements made to police. We affirm the trial court's judgment because (1) Gregory's greater
conviction is permissible, (2) the evidence is legally and factually sufficient, and (3) the statements
need not have been suppressed.



(1) Gregory's Greater Conviction Is Permissible

 Gregory first contends that it is unlawful for the court to convict him as an accomplice to
murder, when the actual murderer was only convicted of manslaughter. Under a long-standing line
of caselaw, and specific statutory authority, that position is untenable. Statutory law explicitly
provides that an actor may be convicted on proof of commission of the offense and that he was party
to its commission, and it is not a defense 

 that the person for whose conduct the actor is criminally responsible has been
acquitted, has not been prosecuted or convicted, [or] has been convicted of a different
offense or of a different type or class of offense . . . .

Tex. Penal Code Ann. § 7.03 (Vernon 2003); see Singletary v. State, 509 S.W.2d 572, 578 (Tex.
Crim. App. 1974).

 Gregory argues mainly that the concept of collateral estoppel prevents the State from
relitigating the murder, since a jury had already determined that the offense was that of manslaughter. 
Collateral estoppel is the principle that, when an issue of ultimate fact has once been determined by
a valid and final judgment, that issue cannot again be litigated between the same parties. Ashe v.
Swenson, 397 U.S. 436, 443 (1970); Ex parte Taylor, 101 S.W.3d 434, 441 (Tex. Crim. App. 2002); 
Ladner v. State, 780 S.W.2d 247, 250 (Tex. Crim. App. 1989). In this case, the same parties are not
involved. Gregory was not part of the previous prosecution; thus, by definition, the concept does
not apply. See Moreno v. State, 1 S.W.3d 846, 858 (Tex. App.--Corpus Christi 1999, pet. ref'd).

 The contention of error is overruled.

(2) The Evidence Is Legally and Factually Sufficient

 Gregory next contends the evidence is legally and factually insufficient to support his
conviction. 

 In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light and determine
whether the evidence supporting the verdict is so weak that the jury's verdict is clearly wrong and
manifestly unjust or whether the great weight and preponderance of the evidence is contrary to the
verdict. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); see also Johnson, 23 S.W.3d
at 7; Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 The evidence shows police were notified that a dead body had been found in a rural area, and
when they arrived, they found the body decapitated and burned. The head was later found in a
different location. The victim, Nicklebur, was killed by stabbing and blunt force trauma, and was
decapitated and burned after he was dead. Police focused on Jeremy and Gregory and a friend, Jason
Baughman (who testified at Gregory's trial in return for a twenty-year sentence). 

 The evidence as it unfolded at trial indicated that the killing took place after Gregory and the
Narramores' two girlfriends returned from a party--with the girls in such a state that the Narramores
and Baughman believed they had been drugged. The girls told them that certain individuals at the
party had drugged them. Baughman testified that he and the Narramores went to the party to
confront those individuals, where they met (and Baughman hit) Nicklebur. The three left with
Nicklebur, supposedly to find the individuals who had drugged the girls. During the car ride, Jeremy
became agitated with Nicklebur and began hitting him. Baughman testified that Jeremy had hit
Nicklebur in the back of the head with a flashlight, then again later with a tire tool, that Gregory gave
Jeremy a knife, and that Jeremy came away from Nicklebur wiping blood off the blade. 

 Gregory contends that there was no evidence he personally killed the victim. The jury was
charged that Gregory could be found guilty either as a principal or as one criminally responsible for
the act of another. As the State points out, even in the absence of evidence that Gregory did the
actual killing, there is substantial evidence connecting him to the death.

 Under Sections 7.01 and 7.02 of the Texas Penal Code, an individual may be charged as a
party to an offense and held criminally responsible for the conduct of another when that individual
acts in concert with another person in committing an offense. Circumstantial evidence alone may
be used to prove that a person is a party to an offense. Powell v. State, 194 S.W.3d 503, 506 (Tex.
Crim. App. 2006); Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).

 In determining whether an individual is a party to an offense and therefore subject to criminal
responsibility, a reviewing court may consider events that occurred before, during, or after the
commission of the offense. Powell, 194 S.W.3d at 507; Porter v. State, 634 S.W.2d 846, 849 (Tex.
Crim. App. 1982).

 The evidence shows that, before confronting Nicklebur, Gregory obtained a baseball bat and
carried the bat over to the body when they reached the area where the body was ultimately left. 
When recovered, the bat was cracked, with blood found inside the bat. The evidence shows that,
while riding around with Nicklebur, the group stopped at a house, from which Gregory obtained a
knife. The ultimate cause of Nicklebur's death was a combination of stabbing and blunt force
trauma. There was testimony that Gregory gave the knife to Jeremy and that Jeremy returned later,
wiping blood off the blade of that knife.

 There was testimony that Baughman and Gregory returned to the body after leaving briefly,
removed the head, set the body afire, and threw the head in a creek, where it was later found.

 There is no evidence to the contrary, and no real defensive theories have been propounded
to suggest an alternative understanding of the evidence presented. It has been pointed out that there
is little other physical evidence to connect Gregory to the scene. However, in light of all of the other
evidence and testimony, we do not find that particular detail such a weakness in the State's case that
a different result is required on appellate review. Under the evidence as presented to the jury, we
conclude that the evidence is legally and factually sufficient to support the verdict. The contention
of error is overruled.


(3) The Statements Need Not Have Been Suppressed

 Gregory also contends the trial court erred by denying his motion to suppress his two
statements. His contention is that the statements were taken while he was in custody and that they
were inadmissible because the warnings required by Article 38.22 of the Texas Code of Criminal
Procedure were not given before the statements were taken. See Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon 2005).

 Findings of fact have been filed in relation to the two statements. The trial court found the
first statement noncustodial and found the second statement to have been voluntarily given. From
the record, we cannot say that those findings were improper.

 The standard of review for the trial court's ruling on a motion to suppress is abuse of
discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Freeman v. State, 62
S.W.3d 883 (Tex. App.--Texarkana 2001, pet. ref'd). In a suppression hearing, the trial court is the
sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony. 
The evidence should be viewed in the light most favorable to the trial court's ruling. State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999); Freeman, 62 S.W.3d at 886. We should afford
almost total deference to the trial court's determination of historical facts that the record supports,
especially when the fact-findings are based on an evaluation of the witnesses' credibility and
demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Freeman, 62 S.W.3d at 886.


 (a) The First Statement 

 This statement was taken by Investigator Don Jeter at Gregory's home. Gregory and
Baughman testified that, though they were not under arrest, they felt their freedom was restricted and
they were not to be allowed to leave. The investigator, however, testified to the contrary: that
Gregory was not under arrest and had been free to leave and that Gregory had been asked to come
to the sheriff's office to give a statement and had declined. Further, a review of the statement shows
that it was in no way inculpatory.

 The court found that officers did not tell Gregory he was under arrest, that he was not being
detained, that he had the right to leave, and that he spoke to the officer for some time outside the
residence before going into the house to sign the written statement. 

 An individual is arrested when he or she has been actually placed under restraint or taken into
custody. Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon 2005). At least four general situations
may constitute custody: (1) the suspect is physically deprived of his freedom of action in any
significant way, (2) a law enforcement officer tells the suspect that he cannot leave, (3) law
enforcement officers create a situation that would lead a reasonable person to believe that his or her
freedom of movement has been significantly restricted, and (4) there is probable cause to arrest and
law enforcement officers do not tell the suspect that he or she is free to leave. Dowthitt v. State, 931
S.W.2d 244, 255 (Tex. Crim. App. 1996).

 Oral confessions of guilt, or oral admissions against interest, made by a suspect who is in
custody, are not admissible evidence unless made in compliance with the provisions of Article 38.22
of the Texas Code of Criminal Procedure. Shiflet v. State, 732 S.W.2d 622, 623 (Tex. Crim. App.
1985).

 But if a person makes an oral confession of guilt or an oral admission against interest while
not in custody, a different rule applies. Id. Article 38.22, Section 5, of the Texas Code of Criminal
Procedure provides: "Nothing in this article precludes the admission of a statement made by the
accused . . . that does not stem from custodial interrogation . . . ." Tex. Code Crim. Proc. Ann.
art. 38.22, § 5 (Vernon 2005). Thus, an oral admission against interest or an oral confession of guilt
which does not stem from custodial interrogation, and is given freely, voluntarily, and without
compulsion or persuasion, is admissible evidence against the accused. Shiflet, 732 S.W.2d at 623; 
Monterrubio v. State, 941 S.W.2d 322, 324 (Tex. App.--Corpus Christi 1997, no pet.); see Rodgers
v. State, 111 S.W.3d 236, 241 (Tex. App.--Texarkana 2003, no pet.).

 There is evidence that, if believed by the trial court, fully supports the finding that Gregory
was not in custody under any of the theories set out above at the time he made the first statement. 
Thus, the trial court properly ruled the first statement admissible.

 (b) The Second Statement

 The second statement was taken after Gregory's arrest, at the police station, on April 20,
2004, at 4:51 a.m. Counsel argues that the statement was inadmissible because Gregory could not
knowingly and voluntarily waive his rights due to a lack of sleep. The trial court found that Gregory
was properly given the necessary warnings, that he was informed of his right to counsel and of his
right to end the interview, and that he signed a waiver of those rights. The court found that Gregory
never thereafter asked to terminate the interview or asked for counsel and that he was not promised
anything in exchange for his statement or denied any necessities before or during the interview. 

 It is clear that the statement was taken before daybreak. That is not, however, so important
as it appears. From this record, it is apparent that Gregory had been taking methamphetamine to the
point that his sleep cycle was truly disrupted, and it is unclear whether he distinguished night from
day with any degree of clarity. Gregory testified at the hearing that he had been using
methamphetamine for at least eight or nine days before his arrest and that he did sleep for a couple
of hours before the interview. He claimed not to remember signing the paper, or many other things. 
The investigator testified that Gregory seemed tired, but by that point was not intoxicated and
seemed to be thinking clearly such that he understood what he was doing. The investigator also
testified that, after the statement was taken, Gregory did complain of being tired.

 Even had the trial court believed that Gregory had been sleep deprived, such deprivation
would not be enough to warrant suppression. See Johnson v. State, 698 S.W.2d 154 (Tex. Crim.
App. 1985); Barney v. State, 698 S.W.2d 114, 121 (Tex. Crim. App. 1985) (en banc) (lack of sleep
for sixteen hours will not, by itself, render confession involuntary); Whitmire v. State, 183 S.W.3d
522, 528 (Tex. App.--Houston [14th Dist.] 2006, no pet.). The evaluation is of the totality of the
circumstances. Creager v. State, 952 S.W.2d 852, 855 (Tex. Crim. App. 1997) (en banc). Here,
lack of sleep alone is simply not a factor to outweigh all others. We cannot say that the trial court
abused its discretion in refusing to suppress the confession. We overrule the contention of error.

 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 24, 2007

Date Decided: March 20, 2007


Do Not Publish

 
1. Gregory and Jeremy Narramore will be referred to by their first names.
2. The jury assessed Gregory's punishment at eighty years' imprisonment and a $10,000.00 fine. 
By contrast, Jeremy was sentenced to twenty years' imprisonment.